**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA**

| | | |
|---|---|---|
| JEVESTER BYRAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| M TRUCKING, LLC; and TERRY LEE | ) | |
| TAYLOR, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY LIEN CLAIMED** |
| Defendants. | | |

## COMPLAINT

**COMES NOW**, Plaintiff, Jevester Byrams, by and through his attorney of record, Michael P. Atkinson, of the law firm Atkinson, Brittingham, Gladd, Fiasco, & Edmonds, and for his Complaint, states and alleges as follows.

### THE PARTIES

1. This case arose from a motor vehicle collision in Montana on January 7, 2022.

2. Defendant Terry Lee Taylor negligently operated a semi-tractor owned by Defendant M Trucking causing severe injuries and damages to Plaintiff Jevester Byrams.

3. Plaintiff Jevester Byrams was a citizen of the State of Oklahoma at all times relevant to this action.

4. Upon information and belief, Defendant M Trucking is a limited liability company formed in the State of Oregon with its principal place of business in Oregon.

5. Upon information and belief, Defendant M Trucking's only member, Peter Muntyan, is a citizen of the State of Oregon.

6. Upon information and belief, Defendant Terry Lee Taylor is a citizen of the State of California.

1

## JURISDICTION AND VENUE

7. The acts and omissions complained of herein occurred substantially within the Judicial District for the District of Montana.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, as more fully discussed below.

9. This Court has jurisdiction over the Parties as the events giving rise to Plaintiff's claims occurred in the State of Montana.

10. Venue is proper in the District of Montana under 28 U.S.C. § 1391 as a substantial part of the acts, occurrences, and omissions giving rise to Plaintiff's claims occurred in the State of Montana.

## OPERATIVE FACTS

11. On or about January 7, 2022, Jevester Byrams was westbound in a pickup pulling a utility trailer on I-90 near mile marker 13.3 in western Mineral County, Montana, when he was forced to stop due to traffic blocking the highway in both lanes of travel.

12. It had been snowing in the mountainous area where the collision occurred, and driving conditions were affected by a mix of snow, ice, and slush at various points leading up to where the collision occurred.

13. Mr. Byrams came to a complete stop and took no improper action before his vehicle was violently rear-ended by a semi-tractor driven by Terry Taylor, an M Trucking employee.

14. The semi-tractor and trailer were both owned by M Trucking.

15. The M Trucking semi-tractor suffered severe front-end damage and was inoperable after the collision.

16. The force of the severe impact to Mr. Byrams' trailer jolted his pickup forward and caused him significant bodily injury for which he has received extensive medical treatment and will need additional treatment in the future, including one or more surgeries.

17. Mr. Byrams has incurred medical expenses for treatment received to date and will incur additional medical expenses for future treatment.

18. Mr. Byrams was self-employed at the time of the accident and lost his business as a result of his injuries as he was not able to continue performing the physically demanding work. He has incurred and will continue to incur lost wages and economic damages due to his ongoing injuries.

19. Mr. Byrams suffered and will continue to suffer severe mental anguish and emotional distress, anxiety, and depression as a result of the occurrences complained of herein.

### FIRST CAUSE OF ACTION: NEGLIGENCE
(Against Defendant Taylor)

20. Plaintiff incorporates paragraphs 1-19 by reference.

21. Defendant Taylor owed a duty to Plaintiff to exercise reasonable care in operating a semi-tractor trailer on the roadway.

22. Defendant Taylor breached his duty by failing to operate the tractor trailer as an ordinarily prudent person would have under the circumstances.

23. Specifically, Defendant Taylor's  negligence and recklessness includes, but is not limited to, the following acts and omissions: he was aware of the snowy and icy road conditions and failed to operate at a safe speed for the conditions; failing to keep a proper lookout and awareness of the traffic conditions; failing to keep the tractor/trailer under careful, lawful, and proper control; failing to observe the conditions of the roadway and traffic ahead and take appropriate actions; failing to be reasonably alert while operating a semi-tractor trailer;

3

failing to stop in sufficient time; failing to take reasonable evasive action; failing to follow applicable traffic laws of the State of Montana and regulations of the U.S. Department of Transportation, National Highway Traffic Safety Administration, and the Federal Motor Carrier Safety Administration.

24. Upon information and belief, Defendant Taylor knew he was not sufficiently trained and lacked experience to drive a loaded semi-tractor trailer in the mountains during inclement winter weather.

25. Defendant Taylor's recklessness and negligent actions and omissions caused Plaintiff to suffer severe and permanent bodily injuries, severe emotional distress and mental anguish, severe pain and suffering, and incur damages as a result, including but not limited to, past and future medical expenses, past and future loss of income, and other damages afforded by law.

### SECOND CAUSE OF ACTION: NEGLIGENCE- VIOLATION OF LAW
(Against Defendant Taylor)

26. Plaintiff incorporates paragraphs 1-25 by reference.

27. By failing to travel at a safe speed sufficient to bring his rig to a safe stop before the collision, Defendant Taylor violated Title 61, Chapter 8, § 303(3) of the Montana Code which states:

> Subject to the maximum speed limits set forth in subsection (1), a person shall operate a vehicle in a careful and prudent manner and at a reduced rate of speed no greater than is reasonable and prudent under the conditions existing at the point of operation, taking into account the amount and character of traffic, visibility, weather, and roadway conditions.

Mont. Code Ann. § 61-8-303.

28. Defendant Taylor also violated Title 61, Chapter 8, § 302 by failing to operate the tractor-trailer in a careful and prudent manner that did not "unduly or unreasonably endanger the

4

life, limb, property, or other rights of a person using the ways of this state open to the public." Mont. Code Ann. § 61-8-302(1).

29. Additionally, Defendant Taylor's actions amount to wanton disregard because he consciously drove at a speed in excess of that which would allow him to safely operate the tractor-trailer under the conditions and without regard to the safety of Plaintiff and other drivers on the roadway. Thus, his actions were reckless in violation Title 61, Chapter 8, § 301 of the Montana Code.

30. Sections 301, 302, and 303 of Title 61, Chapter 8 were enacted to protect the public on Montana's highways, and Plaintiff was within the specific class of people intended to be protected by the statute when the collision occurred.

31. Plaintiff's injuries and damages, as discussed herein, were of the sort each of these statutes were enacted to prevent.

32. Defendant Taylor's operation of the tractor trailer at the time of the subject collision falls within the class the above-listed statutes were enacted to regulate.

33. Defendant Taylor's violation of said statutes constitutes negligence *per se*.

34. Defendant Taylor's violations of said statutes caused Plaintiff to suffer severe and permanent bodily injuries, severe emotional distress and mental anguish, severe pain and suffering, and to incur damages as a result, including but not limited to, past and future medical expenses, past and future loss of income, and other damages afforded by law.

### THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR
(Against Defendant M Trucking)

35. Plaintiff incorporates paragraphs 1-34 by reference.

36. Upon information and belief, Defendant M Trucking employed Defendant Terry Taylor at all times relevant to this Complaint.

37. Upon information and belief, Defendant M Trucking had control or the right to control the manner and means of Defendant Terry Taylor's operation of its tractor-trailer.

38. At all times relevant to this Complaint, Terry Taylor operated the aforesaid tractor-trailer with the knowledge, consent, and permission of Defendant M Trucking.

39. Defendant Taylor's acts and omissions that caused Plaintiff's injuries and damages occurred within the scope of his employment with M Trucking.

40. Alternatively, Defendant Taylor was performing an inherently or intrinsically dangerous activity that caused the injuries and damages complained of herein and M Trucking failed to take precautions to reduce the unreasonable risk associated with the inherently dangerous activity.

41. Defendant M Trucking is vicariously liable for the negligence of Defendant Taylor, and therefore, liable for Plaintiff's severe and permanent bodily injuries, severe emotional distress and mental anguish, severe pain and suffering, and damages incurred as a result, including but not limited to, past and future medical expenses, past and future loss of income, and other damages afforded by law.

**FOURTH CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**
(Against Defendant M Trucking)

42. Plaintiff incorporates paragraphs 1-35 by reference.

43. Defendant M Trucking had a duty to exercise reasonable care in hiring, training, supervising, and retaining Terry Taylor.

44. Upon information and belief, Defendant M Trucking breached its duty by failing to exercise reasonable care and was reckless in hiring, training, supervising, and retaining Terry Taylor.

6

45. Upon information and belief, Defendant M Trucking failed to properly vet Terry Taylor's background, driving, history, and credentials before hiring him.

46. Upon information and belief, Defendant M Trucking failed to train Terry Taylor in the operation of a semi-tractor trailer; and specifically, M Trucking failed to train Terry Taylor to safely operate a fully loaded semi-tractor trailer in snow and icy conditions in mountainous terrain.

47. Upon information and belief, Defendant M Trucking failed to supervise Terry Taylor in the operation of its semi-tractor trailer and negligently retained him as a driver despite his lack of training and credentials.

48. Upon information and belief, Defendant Taylor was unfit to drive a tractor-trailer under the circumstances described herein, Defendant M Trucking was aware or should have been aware he was unfit, and Defendant M Trucking failed to take action to prevent Defendant Taylor from negligently operating its tractor-tailer.

49. Defendant M Trucking's recklessness and negligent actions and omissions caused Plaintiff to suffer severe and permanent bodily injuries, severe emotional distress and mental anguish, severe pain and suffering, and damages incurred as a result, including but not limited to, past and future medical expenses, past and future loss of income, and other damages afforded by law.

### FIFTH CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT
(Against Defendant M Trucking)

50. Plaintiff incorporates paragraphs 1-49 by reference.

51. Defendant M Trucking had a duty to ensure its tractor-trailers were operated by competent and trained divers.

7

52. Upon information and belief, Defendant M Trucking breached its duty because it knew or should have known Defendant Taylor lacked the proper training, experience, and credentials to operate the tractor trailer during the aforementioned circumstances.

53. Defendant M Trucking's recklessness and negligent actions and omissions in entrusting its tractor-trailer to Defendant Taylor caused Plaintiff to suffer severe and permanent bodily injuries, severe emotional distress and mental anguish, severe pain and suffering, and damages incurred as a result, including but not limited to, past and future medical expenses, past and future loss of income, and other damages afforded by law.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment be entered against the Defendants in accordance with each cause of action; an award of damages in an amount that will fully and fairly compensate Plaintiff for all damages, including but not limited to, past and future medical expenses, past and future mental and emotional distress and mental anguish, anxiety, and depression, permanent impairment, and past and future economic damages, along with any other damages afforded by law; costs; and any other relief the Court deems just and necessary. Plaintiff reserves the right to amend the Complaint to pursue punitive damages pursuant to Title 27, Chapter 1, § 221 of the Montana Code given the facts pleaded herein and the facts expected to be developed in discovery.

Plaintiff demands a jury trial.

Respectfully submitted,

**ATKINSON, BRITTINGHAM,
GLADD, FIASCO & EDMONDS**
A PROFESSIONAL CORPORATION

\s\  Michael P. Atkinson

Michael P. Atkinson, Montana Bar
#14009;
Oklahoma Bar #374
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone:  (918) 582-8877
matkinson@abg-oklaw.com

S:\Files\334\493\Complaint-kkm.docx

9